# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-352V
Filed: February 9, 2017

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JEANETTE J. FOSTER | * | UNPUBLISHED |
| *as Power of Attorney For* | * | |
| WENDY A. ADAMS, | * | |
| | * | |
| Petitioner, | * | Denial of Interim Attorneys' Fees |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Nancy Meyers*, Ward Black Law, Greensboro, NC, for petitioner.
*Douglas Ross*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION DENYING INTERIM ATTORNEYS' FEES[1]

**Roth,** Special Master:

     On April 8, 2015, Jeanette J. Foster ("Ms. Foster" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"), as power of attorney for Wendy A. Adams. Petitioner alleged that Ms. Adams developed cerebellar ataxia and acute cerebellitis after receiving an influenza vaccine on October 8, 2013. *See generally* Petition ("Pet."), ECF No. 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 4, 2016, petitioner filed a Motion for Interim Costs in the amount of $10,696.38, which was granted. Decision, ECF No. 66.

Shortly thereafter, petitioner filed the current application, seeking an award of interim attorneys' fees in the amount of $44,935.00, pursuant to Section 15(e) of the Vaccine Act. Motion for Interim Attorney's Fees ("Motion for Fees"), ECF No. 69. Respondent filed a response to the petitioner's motion for fees on January 25, 2017. Response to Motion for Interim Attorney's Fees ("Response"), ECF No. 75. Respondent stated that petitioner's request for attorneys' fees should be deferred "until such time as the case has concluded, or upon a determination that an award of interim fees is appropriate," as petitioner has not justified that an award of interim fees is warranted based upon the circumstances of this case. Response at 1-2.

Interim fees may be paid at the discretion of the special master. *See Avera v. Sec'y of HHS*, 515 F.3d 1343, 1352 (Fed. Cir. 2008) ("Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained.") However, interim fees and costs are not routinely awarded. *Woods v. Sec'y of HHS*, 105 Fed. Cl. 148, 154 (2012). Interim fees are the exception, rather than the rule. Indeed, "there is not a presumption of entitlement to interim fees." *McKellar v. Sec'y of HHS*, 101 Fed. Cl. at 297, 300 (2011). In my previous decision awarding interim costs in this case, I noted that these proceedings have not been pending for a "protracted" amount of time; the petition was filed less than two years ago. Likewise, the parties are in the process of discussing settlement in this matter and the resolution of this matter is on the horizon. Under the circumstances of this case, an award of interim fees is not warranted.

Accordingly, the undersigned **DENIES** petitioner's motion for interim attorneys' fees. In the absence of a motion for review, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.