# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-352V
Filed: September 28, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| JEANETTE J. FOSTER, *as Power of* | * | UNPUBLISHED |
| *Attorney For* WENDY A. ADAMS, | * | |
| | * | |
| Petitioner, | * | Decision on Joint Stipulation; |
| | * | Acute Cerebellitis; Acute |
| v. | * | Cerebellar Ataxia; Influenza |
| | * | ("Flu") Vaccine |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Nancy Meyers, Esq.*, Ward Black Law, Greensboro, NC, for petitioner.
*Colleen Hartley, Esq.*, US Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On April 8, 2015, Wendy A. Adams ["Ms. Adams"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] On April 13, 2016, the case caption was amended to reflect Jeanette J. Foster ["Ms. Foster" or "petitioner"], as Power of Attorney, in her representative capacity for Ms. Adams. *See* Order, ECF No. 48. Petitioner alleges that Ms. Adams suffered from acute cerebellitis and acute cerebellar ataxia after receiving an influenza vaccination on or about October 8, 2013. Stipulation at ¶¶ 1-4, ECF No. 115. Respondent denies that the influenza vaccine caused any of Ms. Adams' injuries. Stipulation at ¶ 6.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, the parties have agreed to settle the case. On September 28, 2018, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payments:

> **(1) A lump sum of $200,000.00, representing compensation for pain and suffering, in the form of a check payable to petitioner as guardian/conservator of the estate of Wendy A. Adams for the benefit of Wendy A. Adams.** No payment shall be made until petitioner provides respondent with documentation establishing that she has been appointed as guardian/conservator of Wendy A. Adams' estate; and
>
> **(2) A lump sum of $66,077.33, representing reimbursement of the state of North Carolina Medicaid lien, in the form of a check payable jointly to petitioner as guardian/conservator of the estate of Wendy A. Adams and**
>
> > **Division of Medical Assistance**
> > **Office of the Controller**
> > **2022 Mail Service Center**
> > **Raleigh, NC 27699-2022**
>
> This lump sum represents full satisfaction of any right of subrogation, assignment, claim, lien or cause of action the state of North Carolina may have against the individual as a result of any Medicaid payments the state of North Carolina has made to or on behalf of Wendy A. Adams from the date of her eligibility for benefits through the date of judgment in this case as result of her alleged vaccine-related injury suffered on or about October 8, 2013, under Title XIX of the Social Security Act. Petitioner as guardian/conservator of the estate of Wendy A. Adams agrees to endorse this check to the state of North Carolina.

The payments listed above represent compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> s/ Mindy Michaels Roth
> Mindy Michaels Roth
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JEANETTE J. FOSTER, *as Power of Attorney for* WENDY A. ADAMS, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 15-352V <br> Special Master Roth <br> ECF |

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. Wendy A. Adams (or "Ms. Adams"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to her receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a). On April 13, 2016, the case caption was amended to reflect Jeanette J. Foster ("petitioner"), as Power of Attorney, in her representative capacity for Ms. Adams.

2. Ms. Adams received the flu vaccine on October 8, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Ms. Adams suffered from acute cerebellitis and acute cerebellar ataxia as a consequence of the flu immunization she received on or about October 8, 2013, and further alleges that Ms. Adams suffered the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Ms. Adams as a result of her alleged condition.

6. Respondent denies that the flu vaccine caused Ms. Adams' alleged acute cerebellitis and acute cerebellar ataxia, or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $200,000.00, which amount represents compensation for pain and suffering, in the form of a check payable to petitioner as guardian/conservator of the estate of Wendy A. Adams for the benefit of Wendy A. Adams. No payment shall be made until petitioner provides respondent with documentation establishing that she has been appointed as guardian/conservator of Wendy A. Adams' estate; and
>
> b. A lump sum of $66,077.33 representing reimbursement of the state of North Carolina Medicaid lien, in the form of a check payable jointly to petitioner as guardian/conservator of the estate of Wendy A. Adams and
>
> > Division of Medical Assistance
> > Office of the Controller
> > 2022 Mail Service Center
> > Raleigh, NC 27699-2022

This lump sum represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the state of North Carolina may have against any individual as a result of any Medicaid payments the state of North Carolina has made to or on behalf of Wendy A. Adams from the date of her eligibility for benefits through the date of judgment in this case as a result of

her alleged vaccine-related injury suffered on or about October 8, 2013, under Title XIX of the Social Security Act. Petitioner as guardian/conservator of the estate of Wendy A. Adams agrees to endorse this check to the state of North Carolina.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimburseable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of Ms. Adams as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of Ms. Adams' estate under the

laws of the State of North Carolina. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of Ms. Adams' estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of Ms. Adams' estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of Ms. Adams upon submission of written documentation of such appointment to the Secretary.

14. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity and as legal representative of Ms. Adams, on behalf of herself, Ms. Adams, and Ms. Adams' heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms. Adams resulting from, or alleged to have resulted from, the flu vaccination administered on October 8, 2013, as alleged in a petition for vaccine compensation filed on or about April 8, 2015, in the United States Court of Federal Claims as petition No. 15-352V.

15. If Ms. Adams should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that Ms. Adams suffered from acute cerebellitis and acute cerebellar ataxia as a result of her flu immunization or that her condition is a sequelae of her alleged injury or any other vaccine injury.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of Ms. Adams.

**END OF STIPULATION**

**PETITIONER:**

*[signature: Jeanette J. Foster]*

JEANETTE J. FOSTER, *as Power of Attorney for* WENDY A. ADAMS

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*

NANCY R. MEYERS
WARD BLACK LAW, P.A.
208 West Wendover Avenue
Greensboro, NC 27401-1307
Tel: (336) 333-2244

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Ward Sorensen for*

NARAYAN NAIR, M.D.
Director, Division of
Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop-08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*

COLLEEN C. HARTLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3644

Dated: 9/28/18